UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

MIGUEL FIGUEROA,

Plaintiff,

-against-

THE CITY NEW YORK, C.O. "JOHN" RENTIS,
Individually and In his Official Capacity, C.O. "JOHN"
VALETT, Individually and in his Official Capacity,
C.O. "JOHN" WILLIAMS, Individually and in his
Official Capacity and CAPTAIN DONAVAN, Individually
and in his Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official capacities, (the name John Doe
being fictitious, as the true names are presently unknown),

Defendants.
-----------------------------------------------------------------------------X

**CV11 - 5384**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 03 2011 ★
BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

CARTER, M.J.

Plaintiff MIGUEL FIGUEROA, by his attorney, JON L. NORINSBERG, Esq., complaining

of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MIGUEL FIGUEROA is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York maintains the New York City Department of Corrections, a duly organized public authority, authorized to perform all functions of a department of corrections as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned the individually named defendants, C.O. "JOHN" RENTIS, C.O. "JOHN" VALETT, C.O. "JOHN" WILLIAMS, and CAPTAIN DONOVAN, individually and in their official capacity, were duly sworn correction officers and/or officials of said department of corrections and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.     On November 13, 2008, plaintiff MIGUEL FIGUEROA was an inmate at Rikers Island Correctional facility at 18-18 Hazen Street, in the County of Queens, in the City and State of New York.

14.     Plaintiff MIGUEL FIGUEROA was housed in Block 13 inside building "GRVC."

15.     At the aforesaid place, plaintiff MIGUEL FIGUEROA was inside his cell when he overheard defendant correction officers threatening another inmate that he was not going to be fed.

16.     Thereafter, plaintiff MIGUEL FIGUEROA informed the defendant correction officers that their threats were improper and that, according to the law, every inmate must be fed.

17.     In response to plaintiff MIGUEL FIGUEROA's statement, defendant correction officers came up to plaintiff's cell and demanded that plaintiff place his hands through the slot between the bars.

18.     In response to defendants' demand, plaintiff MIGUEL FIGUEROA immediately placed his hands through the slot between the bars.

19.     Immediately after plaintiff MIGUEL FIGUEROA complied with the defendants' demand, CAPTAIN DONOVAN falsely stated to his fellow correction officers that plaintiff had refused to comply with their demands.

20.     Shortly thereafter, without any warning or provocation, defendant correction officers came back to plaintiff MIGUEL FIGUEROA's cell, entered the cell, and began to strike plaintiff

repeatedly about his head and body, causing plaintiff to fall to the floor and injuring his right eye.

21.     This unlawful assault continued for several minutes as plaintiff MIGUEL FIGUEROA pleaded with defendant correction officers to stop their vicious assault.

22.     Notwithstanding these pleas, defendant correction officers continued their assault on plaintiff MIGUEL FIGUEROA, this time kicking him in the head and body.

23.     As a result of the above assault, plaintiff MIGUEL FIGUEROA suffered multiple bodily injuries, including a broken nose, severe swelling to his right eye, blurriness of vision from his right eye, as well as multiple lacerations and contusions about his head and body.

24.     As a result of defendant's vicious assault, plaintiff MIGUEL FIGUEROA was taken to a local Queens hospital where he spent (5) five days receiving treatment for his injuries.

25.     In connection with the above incident, defendant correction officers  filed false and misleading reports with superiors at the New York City Department of Corrections.

26.     As a result of these false reports, plaintiff MIGUEL FIGUEROA was placed into punitive segregation.

27.     While in punitive segregation, plaintiff MIGUEL FIGUEROA , was kept in solitary confinement and was forced to endure severe restrictions which were not imposed upon other inmates in the general prison population.

28.     As a result of the foregoing, plaintiff MIGUEL FIGUEROA suffered, *inter alia*, multiple bodily injuries, he was put in fear for his safety, severe emotional distress, shock, fright, and humiliation, all without legal cause or justification.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff MIGUEL FIGUEROA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Department of Corrections, and under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

37.     As a result of the foregoing, plaintiff MIGUEL FIGUEROA suffered, *inter alia*, multiple bodily injuries, he was put in fear for his safety, severe emotional distress, shock, fright, and humiliation, all without legal cause or justification.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Following the subject incident, defendant officers filled out false and misleading reports regarding plaintiff's conduct during the subject incident.

40.     As a result of such false and misleading reports, plaintiff MIGUEL FIGUEROA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained in punitive segregation, confined, incarcerated and prosecuted by the defendants, without any probable cause, privilege or consent.

41.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time he was detained in punitive segregation, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S
## CONSTITUTIONAL  RIGHTS UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

43.     Defendant correction officers forced plaintiff MIGUEL FIGUEROA to be detained in punitive segregation without proper medical care and treatment for his injuries, and without adequate food or water.

44. Defendant correction officers knew plaintiff MIGUEL FIGUEROA would be exposed to the health risks if he was not provided with proper medical care and treatment.

45. Notwithstanding this knowledge, defendants refused to provide plaintiff MIGUEL FIGUEROA with proper medical care and treatment, despite prison regulations requiring same.

46. In failing to provide plaintiff MIGUEL FIGUEROA with proper medical care and treatment for his injuries, defendants exhibited a deliberate indifference to the health, safety and welfare of plaintiff MIGUEL FIGUEROA , in violation of plaintiff's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

47. As a result of the foregoing, plaintiff MIGUEL FIGUEROA suffered, *inter alia*, multiple bodily injuries, he was put in fear for his safety, severe emotional distress, shock, fright, and humiliation, all without legal cause or justification.

**WHEREFORE**, plaintiff MIGUEL FIGUEROA demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one  million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
    November 1, 2011

JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396